NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERMAN ALZATE, :<br><br>Plaintiff, :<br><br>v. :<br><br>UNITED STATES OF AMERICA, :<br><br>Defendants. : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 02-4294 (DMC)<br>Criminal No. 00-790 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court on a petition for writ of habeas corpus relief by German Alzate ("Petitioner"), pursuant to 28 U.S.C. § 2255 to vacate, set aside or otherwise correct his sentence. This petition is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the pleadings submitted in support thereof, and the papers submitted in opposition thereto by Brian R. Howe, Assistant United States Attorney ("Respondent"), on behalf of Christopher J. Christie, United States Attorney for the District of New Jersey, and for the reasons set forth below, Petitioner's request is hereby **denied**. Additionally, the petition for writ of habeas corpus relief is hereby **dismissed**.

## I. BACKGROUND

On April 5, 2001, Petitioner plead guilty to importing one kilogram of heroin into the United States from Colombia. (Respondent's Answer ("Resp. Ans.")at 2). The parties entered

into a plea agreement where Respondent agreed to reduce Petitioner's sentence in return for his cooperation and his guilty plea. (Id. at 3). As one of the conditions of the agreement, Petitioner also agreed to waive his right to file any appeal or collateral attack disputing this Court's determination of the appropriate offense level if that offense was equal to or less than 27. (Id.)

On November 19, 2001, this Court sentenced Petitioner, finding his total offense level to be 27, with the corresponding sentencing guideline range ranging from seventy to eighty-seven months. (Id. at 4). After the hearing, Petitioner's sentence was downwardly departed four offense levels to 23 and his sentence was reduced to fifty months. (Id.) Petitioner has now filed a petition to correct his sentence on two grounds: (1) that he was denied effective assistance of counsel due to his attorney's failure to argue for a mitigating role adjustment; and (2) this Court erred in imposing a $10,000.00 fine for restitution in his sentence because he was not aware there was a possibility of an order of restitution. (Petitioner's Brief in Support of § 2255 Motion ("Pet. Br.") at 5-7).

## II. DISCUSSION

### A. Petitioner's Waiver of the Right to Appeal

The right to appeal is not an absolute right guaranteed by the United States Constitution. Jones v. Barnes, 463 U.S. 745, 751 (1983). The right to appeal a criminal conviction is created by statute and may be waived, just as constitutionally created rights may be waived. United States v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001). Courts must strictly construe any waivers of appellate rights made in criminal trials. Id. at 562. Waivers of appellate rights made by criminal defendants are valid and will be enforced if defendant "knowingly and voluntarily" made the

waiver. Id. If courts allowed defendants to retract waivers, it would prolong litigation and defendants would have the opportunity to take advantage of all the benefits provided by their agreement, while never having to carry out the burdens. Id. At 561.

Here, Petitioner signed a Plea Agreement in the presence of his attorney, in which he waived his right to appellate review. (Petitioner's Plea Agreement ("Pet. Plea Agr.") at 5). The Agreement specifically states: "German Alzate knows that he has, and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion after sentencing - - including but not limited to . . . a motion under 28 U.S.C. § 2255." (Id. at 7). The Agreement also indicates that Petitioner's attorney translated the agreement into Spanish so the Petitioner could fully understand the document. (Id. at 5). Based on this language and the fact that Petitioner signed the Agreement in the presence of his attorney, it is apparent Petitioner knowingly and voluntarily entered into the Plea Agreement and fully accepted all of its terms. Therefore, this is a valid waiver of the right to appeal and this Court must enforce it.

Courts should not honor a valid waiver only when its enforcement would result in a "miscarriage of justice." Khattak, 273 F.3d 557, 562. Some factors courts should weigh to determine if a miscarriage of justice would occur are the clarity, graveness and character of the error, as well as the impact of the error on the defendant, the impact correcting the error would have on the government, and the extent to which the defendant acquiesced in the result. Id. at 563. Here there was no error. The Petitioner knowingly and voluntarily waived his right to appeal. Waiving the right to appeal is commonplace and by agreeing to such a waiver, the Petitioner also received benefits from the government, including a reduction in his sentence. For

these reasons, a miscarriage of justice will not occur and the waiver must be enforced.

## B. Ineffective Assistance of Counsel

A defendant must meet a high standard to be successful on a claim for ineffective assistance of counsel. A defendant making such a claim must first show his attorney's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficiency, a defendant must prove the errors committed by his lawyer were so serious that his attorney failed to function as "counsel" guaranteed by the Sixth Amendment. Id. Second, a defendant must show that his attorney's deficient performance actually prejudiced his defense. In order to demonstrate this, a defendant must show his counsel's errors were so egregious, the defendant was deprived of a fair trial. Id. A trial is considered fair if the result is reliable. Id.

A court will consider a lawyer's performance effective if his performance appears reasonable under the prevailing professional norms. Id. at 688. Reasonableness is determined by examining a lawyer's performance and considering the information available to the attorney at the time of the trial. Zettlemoyer v. Fulcomer, 923 F.2d 284, 296 (3d Cir. 1991). It is not judged by "the distorted lense of hindsight." Id. The reviewing court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and must not second-guess decisions the lawyer made during the trial. Strickland, 466 U.S. at 689.

Here, Petitioner argues his counsel performed at "less than a reasonable level of competence" during his sentencing hearing by failing to resolve his role in the offense and failing

-4-

to argue other "sentencing issues." (Pet. Br. at 5). Petitioner fails to meet the standard set forth above. Petitioner has not shown these alleged omissions were so severe as to prejudice his defense, nor has he shown that his attorney's conduct was unreasonable at the time. It was not unreasonable for his attorney to remain silent on additional "sentencing issues" because Alzate had already signed the Plea Agreement and agreed to parameters set by the U.S. Attorney. As explained above, Alzate signed an agreement stating that he fully understood the Agreement. In light of the Agreement, his attorney had no reason to raise any additional sentencing issues. Therefore, Petitioner's claim of ineffective assistance of counsel fails to meet the high standard required.

### C. The Court's Imposition of a Fine

Finally, Petitioner claims the Court improperly ordered restitution. (Pet. Br. at 7). He further alleges that he was not aware that this Court could enter an order of restitution against him. Id. This Court did not order restitution, it ordered Petitioner to pay a $10,000 fine. Petitioner entered into a Plea Agreement, which clearly stated that a violation of 21 U.S.C. § 952 "carries a statutory maximum fine of $4 million." (Pet. Plea Agr. at 2). As discussed above, Petitioner entered into the plea agreement voluntarily and knowingly. He therefore knew he could be ordered to pay a fine. Petitioner's claim is denied.

### III. CONCLUSION

For the reasons stated, Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2255 is hereby **denied**. Consequently, the matter is hereby **dismissed**.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:       September 26, 2005
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File